IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REBECCA L. MARCHAND,
as the Personal Representative
of the Estate of Alfred G. Marchand,

       Plaintiff,                                                 Civ. No. 05-266  LCS/MV

vs.

JOSHUA MARCHAND,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss or in the Alternative Motion for Abstention or Stay of Proceedings, filed June 27, 2005, **[Doc. No. 4]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be granted.

## BACKGROUND

The decedent Alfred G. Marchand was a passenger on one of the airplanes that crashed into the World Trade Center on September 11, 2001. Mr. Marchand was survived by his widow, Rebecca L. Marchand, a son, Joshua Marchand, and two stepsons, Traee Hale and Dakota Hale. Alfred Marchand's estate (the "Estate") was probated in the probate court of Otero County, New Mexico, with Rebecca Marchand appointed as personal representative.

In order to provide compensation to the victims of the September 11, 2001 tragedy and their families, President Bush signed into law the Air Transportation Safety and System

Stabilization Act of 2001, Pub.L. No 107-42, codified at 49 U.S.C. § 40101 ("Act").  The Act created the September 11th Victim Compensation Fund of 2001 ("Fund") to compensate victims of the September 11th attacks.  Kenneth Feinberg, Esq. was appointed as the Special Master charged with the duty of administering the Fund.  The rules and regulations of the Fund, codified at 28 CFR § 104, provide that, only a victim or the personal representative of the estate of a victim could file a claim.  28 CFR § 104.2(a)(3).  By electing to file a claim with the Fund, a claimant waived all rights to bring a civil action regarding the events of September 11th, except to recover collateral source obligations (*i.e.* life insurance, pension funds) or to sue knowing participants in the hijacking conspiracy.  28 CFR § 104.61(a).  The Special Master's determination of a claimant's award was final and not subject to judicial review.  28 CFR § 104.33(g).

Rebecca Marchand, as personal representative of the Estate, filed a claim with the Fund on or about November 28, 2003.  In the Compensation Form, Rebecca Marchand, as personal representative of the estate, agreed to "distribute any award in a manner consistent with the law of the decedent's domicile or any applicable ruling by a court of competent jurisdiction or as directed by the Special Master."  Joshua Marchand and his attorney assisted with the preparation of the claim, including attending some meetings regarding the Estate's submission and providing necessary documentation for the submission.

Even though the Estate was still in probate at the time the claim was filed and Rebecca Marchand was acting as the personal representative for purposes of both the probate and the Estate's claim with the Fund, she apparently did not notify the Estate of the possibility of an award from the Fund.  Consequently, on December 5, 2003, the probate court entered an order

for complete settlement and Rebecca Marchand was discharged by the probate court as personal representative.

On June 24, 2004, the Special Master sent Rebecca Marchand, through her attorney, a letter stating that:

> This letter serves to notify you that a final award determination has been made by the September 11th Victim Compensation Fund ("Fund"). This award will be paid to the Personal Representative who is legally obligated to distribute the award in accordance with the laws of the decedent's domicile. The distribution must be based on either an agreement of all potential beneficiaries (if capable of consenting under applicable state law) or at the direction of a court of competent jurisdiction in accordance with the law of decedent's domicile.
>
> Awards from the Fund include three general components: 1) compensation for economic loss to be generally distributed according to the wrongful death law of the decedent's domicile, 2) $250,000 for non-economic harm distributed in accordance with a will, or if there is no will, the intestate law of the decedent's domicile, and 3) a $100,000 non-economic award for each spouse and/or dependent.

The letter stated that the final award to the Estate consisted of $1,397,969.88 in economic loss, $250,000 in non-economic loss, and non-economic spouse/dependant payments of $100,000 to Traee Hale and Rebecca Marchand. This award was offset by $1,077,998.00 in benefits from collateral sources.[1] The letter was copied to Traee Hale, Joshua Marchand, and the Probate Court of Otero County, New Mexico.

On June 28, 2004, Rebecca Marchand, through her attorney, received another letter that reiterated how the final award was calculated; informed her that the award was not subject to judicial review; and explained the payment authorization process. While the record is not clear, it

---

[1] A chart contained in the letter showed how much of the various collateral offsets had been received by Traee Hale ($23,177.00), Joshua Marchand ($17,500.00), Rebecca Marchand ($1,012,321.00) and the Estate ($25,000).

3

appears that prior to receipt of the award payment, a dispute arose regarding the distribution of the money with Rebecca Marchand apparently contending that the Special Master made the award to her personally. *See* Response to Motion to Dismiss at p. 9 ("Rebecca Marchand is requesting that this court declare that the final award from the Funds [sic] belongs to her by virtue of her claim to the Fund, and as directed by the Special Master."). As a result of this dispute, on July 19, 2004, Joshua Marchand filed an action in state district court seeking a determination of the proper distribution of the award under New Mexico law. The state district court issued a temporary restraining order requiring that the money from the Fund be deposited into the registry of the court.

On July 27, 2004, Plaintiff moved to be reappointed as the personal representative of the Estate, stating that the Estate was eligible for a "distribution of funds as a final award by the U.S. Justice Department, September 11 Victim Compensation Fund" and that her reappointment was necessary for the administration of this "subsequently discovered property . . . in accordance with the New Mexico Probate Code, and laws of the State of New Mexico." Ex. A to Response to Motion to Dismiss. The motion was granted by the probate court that same day.

On July 30, 2004, the state district court removed the probate of the Estate from the probate court and consolidated it with the action filed by Joshua Marchand in state district court.[2] The state district court also placed the award from the September 11th Victim Compensation Fund into an interest bearing account pending further order of the court.

---

[2] Under New Mexico law, district courts have exclusive original jurisdiction over formal probate proceedings and concurrent original jurisdiction, with probate courts, over informal probate proceedings. NMSA 1978, §§ 45-1-302, 45-1-303. It is not clear from the record whether the consolidated action proceeded as a formal probate proceeding.

The case proceeded through state court for nearly a year.  Then, on March 11, 2005, Rebecca Marchand, as the personal representative of the Estate, filed a complaint in this Court seeking a declaratory judgment that "Joshua Marchand has no right, title to the September 11th Victims Compensation Fund payments awarded to Rebecca Marchand, individually or otherwise, other than as set forth by the Award dated June 28, 2004."  Plaintiff contends that this Court has jurisdiction to issue a declaratory judgment pursuant to the Air Transportation Safety and Systems Stabilization Act because this case arises out of, results from, or is related to the attacks of September 11, 2001.[3]  Joshua Marchand filed the instant motion to dismiss for lack of jurisdiction or, in the alternative, for this Court to abstain from ruling or stay the proceedings due to the pending state court action.

On September 23, 2005, the state court, applying New Mexico law to the three components of the award, ordered judgment in favor of Joshua Marchand in the amount of $187,500.00 plus costs with the remainder of the award disbursed to Rebecca Marchand.

## **ANALYSIS**

Plaintiff claims that Defendant is challenging the rules and proceedings established for the administration of the September 11th Victim Compensation Fund and that such claim arises out of," "results from" or is "related to" the attacks of September 11, 2001 and, under the Act, must proceed exclusively in federal court.  While Plaintiff repeatedly notes that the Act gave original and exclusive jurisdiction over claims arising from the terrorist acts to federal court, Plaintiff entirely fails to mention that the Act gave original and exclusive jurisdiction over such claims to

---

[3] In the Complaint, Plaintiff also asserts jurisdiction under the Victims of Terrorism Tax Relief Act of 2001.  In her response, however, Plaintiff does not argue that jurisdiction exists under this act and this assertion is deemed abandoned.

one particular federal court--the Southern District of New York. *See* § 408(b)(3)("The United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001."). Thus, even if the dispute between the parties could be considered an action "arising out" of the hijacking and crash, which appears doubtful,[4] this claim could only be brought in the Southern District of New York.

Furthermore, even if the Court had jurisdiction it would not be inclined to exercise it under these circumstances. The Federal Declaratory Judgments Act authorizes, but does not compel, federal jurisdiction over suits seeking declaratory relief. 28 U.S.C. § 2201. Accordingly, federal courts have wide discretion in refusing to hear duplicative declaratory proceedings. *See Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1273 (10th Cir.1989). Indeed, the Supreme Court has stated that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issue." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). This is particularly true when the state court action was filed nearly a year prior to the duplicative action filed in federal court, the state court has obtained jurisdiction over the *res*, and state law governs how the award must be distributed.

This Court does not have jurisdiction over this case, or if it does, it declines to exercise it,

---

[4] Notably, the only other case the Court was able to locate that involved the beneficiaries of an award from the Fund disputing how the award should be distributed was heard in state court. *See In re Schunk*, 2005 WL 1552844 (N.Y.Sur., June 29, 2005) (beneficiaries of an award from the Victim Compensation Fund disputed whether the Special Master intended award to be distributed pursuant to the initial distribution plan submitted by the beneficiaries).

and this case will be dismissed without prejudice.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss or in the Alternative Motion for Abstention or Stay of Proceedings, filed June 27, 2005, **[Doc. No. 4]**, is hereby **GRANTED** and this case is dismissed without prejudice.

Dated this 24th day of March, 2006.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
    Stevan J. Schoen, Esq

Attorney for Defendant:
    Steven K. Sanders, Esq.